UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>RHODE ISLAND COMMERCE CORPORATION (F/K/A RHODE ISLAND ECONOMIC DEVELOPMENT CORPORATION), WELLS FARGO SECURITIES, LLC, PETER M. CANNAVA, KEITH W. STOKES, and JAMES MICHAEL SAUL,<br><br>Defendants. | Case No. 1:16-CV-00107-M-PAS |

## STIPULATION AND [PROPOSED] ORDER GOVERNING CONFIDENTIALITY OF DOCUMENTS

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned as follows:

1. In responding to requests for discovery in the above-captioned action (the "Action"), any disclosing party who produces discovery material (a "Producing Party") may designate as "Confidential Material" those materials which the disclosing party reasonably and in good faith believes to constitute proprietary information, in accordance with Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, including trade secrets, or other confidential research, development, or commercial information. Counsel for disclosing parties shall simultaneously send a letter notifying the Commission's Office of Freedom of Information and Privacy Operations (the "FOIA office") that the disclosing party requests confidential treatment under FOIA of the materials produced under this Stipulation and Order.

2. The term "Confidential Material" as used in this Stipulation and Order shall include all materials designated in the manner described in this paragraph, and any copies,

excerpts, summaries or other disclosure of the substance of such materials. Materials are to be designated as Confidential Material in the following manner:

(a) A Producing Party may designate documents or written responses to discovery requests (such as responses to third party subpoenas) as "Confidential Material" by affixing to such documents or responses a legend such as "Confidential" or other words of similar import. Only the Producing Party who produced the documents or responses in discovery may designate them as Confidential Material. To the extent necessary, a Party may designate as Confidential Material documents previously produced to the U.S. Securities and Exchange Commission (the "Commission") in connection with its investigation in this matter, that had not been the subject of this Protective Order, by submitting a letter to the Commission staff that identifies the previously-produced documents by Bates numbers.

(b) In the case of deposition testimony, such material may be designated as Confidential Material: (i) by a statement on the record, by counsel, at the time of or immediately following such disclosure, that such testimony shall be treated as "Confidential," or (ii) by written notice, sent by counsel to all parties within twenty (20) calendar days after receiving a copy of the transcript thereof, that such testimony (designated by page and line) shall be treated as "Confidential." Until the expiration of the twenty-day period, the parties shall treat the entire transcript as Confidential Material.

3. Notwithstanding any other provision of this Stipulation and Order:

(a) The Commission may use Confidential Material for any of the "Routine Uses of Information" identified in Form SEC 1662 (3-10) ("Supplemental Information

For Persons Requested To Supply Information Voluntarily Or Directed To Supply Information Pursuant To A Commission Subpoena"); and

(b) There shall be no restriction on any party's use of documents or other materials obtained independently or from a source other than the Producing Party, even if identical or substantially the same as materials designated as Confidential Material.

4. Subject to the exceptions set forth in paragraph 3 above, any person receiving Confidential Material (the "Receiving Party") may use the information only for the purpose of preparing for and conducting discovery, pretrial, trial and appellate proceedings in this Action.

5. Subject to the exceptions set forth in paragraph 3 above, Confidential Material shall not be disclosed to any person other than the following:

(a) The parties and their counsel and their respective personnel including secretaries, paralegals, legal assistants, clerks, and other personnel or contractors;

(b) The Court, necessary court personnel, and jurors;

(c) Court reporters and videographers who are retained to transcribe or videotape testimony in this Action, and any personnel of the foregoing;

(d) Persons who were authors or recipients of the Confidential Material;

(e) Any person who is a potential fact witness or deponent and their counsel, whom either party believes should be shown Confidential Material in order to assist in providing information or testimony;

(f) Expert witnesses and consulting experts retained or who are being considered to be retained in connection with this Action;

(g) Outside photocopying, graphic reproduction services, litigation support services, data processing services, or investigators employed by the parties or their

counsel to assist in the litigation, and computer personnel performing duties in relation to a computerized litigation system; and

      (h)    Such other persons as hereafter may be designated by written agreement of the parties or by order of the Court.

6.    Any party may at any time move the Count to exempt previously identified Confidential Material from the provisions of this Order. Before filing a motion with the Court any party objecting to the designation of any document as Confidential Material shall state the objection by letter to counsel for the Producing Party or the party making the designation, and the Producing Party shall then briefly explain in writing the basis for the designation. If the objection cannot be resolved by agreement of counsel, the objecting party may move the Court to resolve the issue. Reasonable notice shall be given by the movant to the Producing Party sufficient to allow the Producing Party to object to such exemption. Until an objection to the designation of a document has been resolved by agreement of counsel or by order of the Court the document shall be treated as Confidential Material and subject to this Stipulation and Order.

7.    Subject to the exceptions set forth in paragraph 3 above, if any person not a party to this Action, including but not limited to any court, administrative agency or legislative body, other governmental entity, or party to any civil action, serves on a Receiving Party a subpoena or other request, including but not limited to a request under the Freedom of Information Act, for the production of Confidential Material or orders production of any Confidential Material by a Receiving Party, its counsel or any other person in connection with the Action, such person shall promptly notify the Producing Party in writing of such request, subpoena or court order by delivering by hand or by electronic mail a copy of such request, subpoena or order and shall notify the person or entity serving the request, subpoena or order that such material is covered by

this Stipulation and Order. Unless within twenty days after the Producing Party has been notified of the request, subpoena or order, the Producing Party applies for an order from a court of competent jurisdiction precluding the Receiving Party on whom the request, subpoena or order was served from complying with such request, the Receiving Party shall be free to produce the Confidential Material. If the Producing Party applies for such an order, the Receiving Party on whom the request, subpoena or order was served shall not produce the Confidential Material until after the Court rules on such application.

8.    A Receiving Party who seeks to file with the Court any materials which have been previously designated as comprising or containing Confidential Material, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Material, shall either:

(a)    Provide all other parties and the Producing Party with seven (7) days' written notice of its intent to file such material with the Court, so that the Producing Party may file a motion to seal such Confidential Information. The Confidential Material shall not be filed until the Court renders a decision on the motion to seal. In the event the motion to seal is granted, all materials which have previously been designated by a party as comprising or containing Confidential Material, and any pleading, brief or memorandum which reproduces, paraphrases or discloses such material, shall be filed in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this Action, the words "CONFIDENTIAL MATERIAL — SUBJECT TO STIPULATION AND ORDER GOVERNING CONFIDENTIALITY OF DOCUMENTS" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be

displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties."; or

(b) File with the court any documents previously designated as comprising or containing Confidential Material by submitting such documents to the Clerk of the Court in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this Action, the words "CONFIDENTIAL MATERIAL — SUBJECT TO STIPULATION AND ORDER GOVERNING CONFIDENTIALITY OF DOCUMENTS" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties."

9. All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any documents which have been previously designated by a party as comprising or containing Confidential Material, shall identify such documents by the production number ascribed to them at the time of production.

10. This Stipulation and Order shall not be construed to affect in any way the admissibility or use of any document, testimony or other information at trial or a pretrial hearing.

11. The conclusion of the Action shall not relieve the Receiving Party, its counsel, or any person permitted access to the Confidential Material pursuant to this Stipulation and Order from the obligations set forth herein, and the Court shall retain jurisdiction after the final disposition of the Action for the purpose of any application to enforce the provisions of this Stipulation and Order.

12. This Stipulation and Order shall remain in force and effect until modified, superseded or terminated by consent of the parties, in a writing signed by the signatories hereto, or by future Order of the Court. All parties to this Stipulation and Order hereby acknowledge the Commission's obligations under the Freedom of Information Act ("FOIA"), and agree that nothing in this Order prevents the Commission from executing its legal duties under FOIA.

13. Within forty-five (45) days after entry of an Order terminating this Action, including all appeals, copies of all Confidential Materials shall be destroyed by defense counsel. This obligation shall not apply to pleadings, motions, briefs, supporting affidavits, attorney notes, transcripts or Court opinions and orders (although this obligation shall apply to any Confidential Materials appended to such documents). Moreover, in light of FOIA, this obligation shall not apply to the Commission.

14. It is understood and agreed that the execution of this Stipulation and Order shall not constitute waiver of the right of the parties hereto to raise or assert any objection heretofore or hereafter raised or asserted including, but not limited to, defenses or objections with respect to the admissibility, discoverability, relevance or use of any documents or their contents. It is further understood and agreed that, although the Receiving Party agrees to be bound by this Stipulation and Order, its signing of this document does not constitute its concurrence with the Producing Party's characterization of documents as being proprietary or confidential. Entry of this Stipulation and Order shall be without prejudice to any motion for relief from the provisions hereto or to any other motion for further protection or restriction on the production, exchange or use of any document or other information in the course of the Action.

SO ORDERED:

Dated: May __8__, 2017


/s/ John J. McConnell, Jr.
HONORABLE JOHN J. MCCONNELL, JR.
UNITED STATES DISTRICT JUDGE